Robert J. Lauson (175,486)
bob@lauson.com
Edwin P. Tarver, (201,943)
edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo St., Suite. 301
El Segundo, CA 90245
Tel. (310) 726-0892
Fax (310) 726-0893

Attorneys for Plaintiff Privacy Pop, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| **Privacy Pop, LLC, a California Limited Liability Company**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**Gimme Gimme, LLC, a New York Limited Liability Company; and Does 1- 10,**<br><br>**Defendants.** | **Case No.: 8:17-cv-00676**<br><br>**Plaintiff's Complaint for Patent Infringement**<br><br>**Jury Trial Demanded** |

Plaintiff Privacy Pop, LLC ("Plaintiff") complains and alleges as follows against Defendant Gimme Gimme, LLC ("Defendant").

/ / /

/ / /

## THE PARTIES

1. Plaintiff Privacy Pop, LLC is a California limited liability company having an address at 1919 Alton Parkway, Irvine, CA 92606. Plaintiff is a manufacturer and seller of bed tents. See privacypop.com.

2. Upon information and belief, Defendant Gimme Gimme, LLC is a New York Limited Liability Company organized under the laws of the State of New York, having an address at 244 Madison Ave. Suite 747, New York, New York 10016. Defendant sells outdoor products, including tents at www.gimmegim.me and on Amazon.com.

3. Plaintiff is ignorant of the true names and capacities of Doe Defendants 1-10, inclusive, and therefore sues them by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when they are ascertained.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 USC § 271 *et seq* and 15 USC § 1051 *et seq*.

5. This Court also has subject matter jurisdiction for this action under 28 USC § 1331 and 28 USC § 1338(a), in that it raises federal questions and relates to patents and trademarks.

6. Venue is proper in this district under 28 USC §§ 1391(b) (2) and 1400(b), because a substantial part of the events giving rise to the claim occurred here and because Defendant committed acts of infringement in this district.

7. This Court has personal jurisdiction over the Defendant because it committed and continues to commit acts of infringement in violation of the patent laws. It offers to sell infringing goods in California and in this judicial district, and upon information and belief, such sales are occurring and ongoing. The acts by Defendant cause injury to Plaintiff within this district. Upon information and belief, Defendant derives substantial revenue from selling infringing products within this district, and expects its actions to have consequences here.

## FACTUAL BACKGROUND

8. Plaintiff Privacy Pop, LLC sells a patented privacy bed tent for in-home use. Privacy Pop, LLC has been continuously and extensively using the trademark PRIVACY POP® since 2011 for bed tents.

9. On May 7, 2012, Plaintiff filed U.S. patent application serial no. 29/420,258 for the design of its bed tent.

10. On April 30, 2013, U.S. Design Patent No. D681,146, which covers Plaintiff's innovative bed tent design, issued to Plaintiff. See Exhibit A.

11. Recently, Plaintiff learned Gimme Gimme was selling an essentially identical bed tent, calling it a "Privacy Bed Tent." On April 6, 2017, Plaintiff, through counsel, sent a cease-and-desist letter to Defendant requesting written assurances that it would stop all sales of the infringing design. See Exhibit B.

12. On April 5, 2017, Defendant responded through counsel indicating that it did not believe that it had or was infringing on Plaintiff's patent. See Exhibit C.

**FIRST CAUSE OF ACTION**

**Patent Infringement Under Patent Act 35 USC § 271**

13. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-12 as though set forth herein.

14. Defendant has infringed and continues to infringe U.S. Design Patent D681,146 by using, selling and/or offering to sell in the United States, and/or importing into the United States the bed tent currently known as the "Gimme Gimme Privacy Bed Tent" which embodies the design covered by the patent.

15. On information and belief, Defendant willfully infringed the D681,146 patent, selling the accused infringing product with full knowledge of Plaintiff's existing patent rights.

16. Plaintiff is being irreparably damaged by Defendant infringing the D681,146 patent, entitling Plaintiff to injunctive relief.

17. Defendant's willful infringement of the D681,146 patent, among other factors, renders this case exceptional within the meaning of 35 U.S.C. § 285.

//

//

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter Judgment against Defendant including:

A. a finding that Defendant infringed the D681,146 patent;

B. an order permanently enjoining and prohibiting Defendant and its owners, officers, directors, agents, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the asserted design patent, including sales, offers to sell and/or importing of the Gimme Gimme Privacy Bed Tent or colorable imitations;

C. awarding Plaintiff all damages adequate to compensate for Defendant's infringement of the asserted patent, and lost profits if available;

D. awarding Plaintiff treble damages, based on any infringement found to be willful, pursuant to 35 USC § 284, together with prejudgment interest;

E. declaring this case to be exceptional and awarding Plaintiff its reasonable attorneys fees pursuant to 35 USC § 285; and

F. such other and further relief as this Court deems just and proper.

DATED: April 13, 2017 Respectfully Submitted,

LAUSON & TARVER LLP

By: /s/ Robert J. Lauson
Robert J. Lauson, Esq.
Attorney for Plaintiff
Privacy Pop, LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all claims so triable.

DATED: April 13, 2017

Respectfully Submitted,

LAUSON & TARVER LLP

By: /s/ Robert J. Lauson
Robert J. Lauson, Esq.
Attorney for Plaintiff
Privacy Pop, LLC